PER CURIAM.
Jenkins, plaintiff below, has filed this petition for writ of certiorari to obtain review of an order which compelled a court reporter to produce statements made by Mathews, a defendant below, to Jenkins’ *380 counsel in the presence of the court reporter. The motion to compel production of the statements was filed by respondents, another defendant in the action. Because a copy of the statements was in Mathews’ “control” pursuant to Florida Rule of Civil Procedure 1.350(a) (providing for discovery from a party) by virtue of Florida Rule of Civil Procedure 1.280(b) (providing that a party may obtain a copy of a written statement concerning the action previously made by that party), the trial court did not depart from the essential requirements of law in compelling production in this case.
We have not overlooked Jenkins’ argument that his counsel took Mathews’ statement in anticipation of litigation and was thus, part of his work product. We point out, however, that the motion to compel was directed to Mathews, not to Jenkins or his counsel, and that Mathews has not claimed any privilege, work product or otherwise.
PETITION FOR WRIT OF CERTIORA-RI DENIED.
DANAHY, A.C.J., and HALL and PARKER, JJ., concur.